# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown a/k/a )<br>Vernon S. Brown,                         )<br>                                                     )<br>                    Plaintiff,              )<br>                                                     )<br>v.                                                 )<br>                                                     )<br>Detention Officer Antonio Quattlebaum, )<br>                                                     )<br>                    Defendant.           )<br>_____) | Civil Action No. 9:08-2225-GRA-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, currently an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the Defendant, a detention officer at the Alvin S. Glenn Detention Center in Richland County, South Carolina.

The Defendant filed a motion for summary judgement pursuant to Rule 56, Fed.R.Civ.P. on October 29, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 30, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendant's motion on December 11, 2008, following which the Defendant filed a reply memorandum on December 29, 2008, followed by a sur reply filed by the Plaintiff on February 14, 2009.



Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his Verified Complaint,[2] in toto, as follows:

> On 4/16/08 I inmate Brown, Vernon, Samuel #52641 was spit outside of my cell's door and Detention Officer Antonio Quattlebaum thought that I tryed to spit on him. On above date I had stated before Detention Officer Antonio Quattlebaum came over to my room and took the flap of the door and slammed my right hand in it serveral time. Officer Quattlebaum did cause injury to my right hand on 4/16/08. This incident happen in special housing unit (Lock-ups) at Alvin S. Glenn Detention Center. Officer Quattlebaum refused to let me get medical attention from medical staff here at the detention center.

Plaintiff seeks $5,000.00 in damages. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Antonio Quattlebaum has submitted an Affidavit wherein he attests that he is a detention officer at the Alvin S. Glenn Detention Center. Quattlebaum attests that Plaintiff has a history of spitting out of his food flap onto correctional officers at the detention center, and that Plaintiff has also thrown milk, urine, and other items out of his food flap at officers on multiple occasions. Quattlebaum attests that on April 16, 2008, he was assisting another correctional officer in transporting an inmate in the special housing unit, when Plaintiff called him over to his [Plaintiff's] cell. Quattlebaum attests that when he got to Plaintiff's cell, Plaintiff spit out of the food flap at him. Quattlebaum attests that he immediately

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



tried to close the flap, at which time Plaintiff spit on him again. Quattlebaum attests that Plaintiff was trying to obstruct the food flap to keep it from locking, and that he [Quattlebaum] had to force the flap closed. Quattlebaum attests that Plaintiff then complained that he had shut Plaintiff's hand in the flap, but that Plaintiff switched his complaint fro the right hand to the left hand and back. Quattlebaum attests that it appeared to him that Plaintiff was fine, that he notified his supervisor about the incident, and that he also filled out an incident report to document the incident. See Exhibit A to Quattlebaum Affidavit.

Quattlebaum attests that, after this incident, he charged Plaintiff with assault on a staff member and with interfering with a security operation. See also Exhibit B to Quattlebaum Affidavit. Quattlebaum attests that Plaintiff refused to sign the charge notice form, and that he was placed on progressive discipline indefinitely as a result of this charge and others. See also Exhibit C to Quattlebaum Affidavit. Quattlebaum attests that on May 5, 2008, a Richland County arrest warrant was issued charging the Plaintiff with assault upon an employee of a correctional facility. See also Exhibit D to Quattlebaum Affidavit. Quattlebaum attests that he plead guilty to this charge on July 24, 2008 and received a two year sentence. See also Exhibit E to Quattlebaum Affidavit.

Quattlebaum attests that any attempt by a detainee to obstruct the food flap of a cell door constitutes a security violation, which is why he charged Plaintiff with interfering with a security operation. With regard to Plaintiff's allegations about medical care, Quattlebaum attests that Plaintiff did not request medical care, nor did he evidence any serious injury. Quattlebaum attests that Plaintiff was also seen by a supervisor, Lt. Harris, and that Plaintiff did not request medical attention from this correctional officer either. Quattlebaum attests that, to his knowledge, Plaintiff incurred only minor scrapes to his right hand as a result of this incident. Quattlebaum attests that the only reason he closed the food flap was to keep Plaintiff from continuing to spit on him or anyone



else, and that even if Plaintiff was injured, it would solely be the result of his own actions in attempting to obstruct the food flap so that it could not be closed. See generally, Quattlebaum Affidavit with attached Exhibits.

The Defendant has also submitted an affidavit from Kathryn Harrell, who attests that she is the Assistant Director of the Alvin S. Glenn Detention Center. Harrell attests that she has attached copies of Plaintiff's Inmate File to her affidavit as Exhibit A, copies of Plaintiff's grievance records as Exhibit B, and copies of Plaintiff's medical records for the relevant period of time as Exhibit C. Harrell attests that Plaintiff spent a significant amount of his time at the detention center on disciplinary status and was confined mainly to the special housing unit at the detention center. Harrell attests that Plaintiff has an extensive disciplinary history at the detention center for repeated incidents of disobeying direct orders of staff members, and that Plaintiff has also been charged with spitting on employees multiple times, including the incident from which this litigation originates.

Harrell attests that the detention center has a grievance system in place that allows inmates to file written complaints regarding the facility or its operations, including complaints relating to alleged unprofessional or abusive actions of staff members. Harrell attests that, as part of this grievance system, inmates may appeal the staff response to the assistant director or the assistant director's designee and that the detention center grievance procedure is available to all inmates, regardless or their status. Harrell attests that Plaintiff filed several grievances regarding numerous allegations while at the detention center, but that he failed to file a grievance against the Defendant regarding the allegations in this complaint.

With respect to medical care, Harrell attests that an independent contract company provides medical services within the facility, and that this company employs licenced medical professionals to provide medical care to the inmate population who make all medical decisions about

4



the appropriate medical care for inmates. Harrell attests that, to receive medical care, an inmate simply has to fill out a sick call request form, and that although Plaintiff's medical records contain numerous sick call requests forms, there is no form requesting medical attention for injuries to his hand. See generally, Harrell Affidavit, with attached exhibits.

In response to Defendant's evidence, Plaintiff has submitted copies of "Correct Care" progress notes from November 16, 2007, an unverified statement from a fellow inmate concerning the incident at issue, an incident report from April 2008, an Inmate Movement form dated April 15, 2008, and "Correct Care" progress notes from April 16, 2008.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

5



**I.**

Defendant first asserts, <u>inter alia</u>, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); *see* <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Jones v. Smith</u>, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; <u>Larkin v. Galloway</u>, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; <u>see also</u> <u>Claybrooks v. Newsome</u>, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying <u>Booth v. Churner</u> to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the Detention Center.

---

[3] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

<u>Hartsfield v. Vidor</u>, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); <u>Neal v. Goord</u>, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting <u>Lawrence v. Goord</u>, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).



The Fourth Circuit has held that it is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. The Defendant has asserted the affirmative defense of failure of the Plaintiff to exhaust his administrative remedies in his answer, and has supported his argument for dismissal of Plaintiff's claims on this ground through submission of an affidavit from the Assistant Jail Director responsible for overseeing the operation of the jail. This official attests that she has reviewed Plaintiff's inmate grievance record, a copy which is attached to her affidavit, and that Plaintiff failed to file a grievance against the Defendant regarding the allegations in his complaint. Pursuant to this evidence, Plaintiff's failure to file a grievance with respect to the claim set forth in his complaint requires its dismissal. Booth, 532 U.S. at 741; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

In his response filed to the Defendant's motion, Plaintiff argues that "a grievance was submitted to the court because the initial grievance was never returned". However, there is no evidence whatsoever that Plaintiff ever filed a grievance with respect to this incident. In his verified complaint, Plaintiff states simply that he spoke with Lt. Harris about his complaints. See Verified Complaint, Section II (G). Such action does not constitute utilization of the jail's grievance procedure, much less the exhaustion of this procedure. See Harrell Affidavit, pp. 12-14. Plaintiff goes on to state in his response that "[t]he grievance that was sent to the Court was sent around June 11, 2008 along with a complaint." Plaintiff has attached a grievance form to his complaint, which is undated, and which (according to Plaintiff's own statement) was not submitted until June 11, 2008.

7



However, even if this grievance was submitted to the jail (of which Harrell attests there is no record), that would not constitute exhaustion of Plaintiff's administrative remedies. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

Therefore, there is no evidence that Plaintiff exhausted his administrative remedies, making this case subject to dismissal. See Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

**II.**

Further, even assuming that the Court were to find a genuine issue of fact exists as to whether Plaintiff exhausted his administrative remedies, thereby defeating summary judgment on this ground, there has still been no evidence submitted to this Court sufficient to enable the Plaintiff to survive summary judgment on his claims.

First, even assuming the incident happened as alleged by the Plaintiff, there is no evidence whatsoever that any excessive force was used in this case. Plaintiff's own exhibit (Progress Note dated 4-18-08) reflects that Plaintiff was experiencing only minimal pain with no edema or swelling as a result of this incident, and was diagnosed at that time with only a wrist contusion. See Plaintiff's Exhibit (Court Docket No. 32). Hence, Plaintiff's own evidence reflects that any injuries he received as a result of this incident were de minimis at best, thereby defeating his excessive force claim. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) [in excessive force cases,



de minimis injury does not state a viable constitutional claim]; see also *Thaddeus-X v. Wodniak*, No. 99-1720, 2000 WL 712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; *Wertish v. Krueger*, 433 F.3d 1062, 1067 (8th Cir. 2006)[No constitutional violation where the Plaintiff suffered de minimis injuries which included relatively minor scrapes and bruises and less-than-permanent aggravation of a prior shoulder condition]; *Stanley v. Hejirika*, 134 F.3d 629, 637-638 (4th Cir. 1998)[bruising of prisoner's right arm, left jaw, left and right wrists and back, and a tooth which was loosened constituted de minimis injury.]; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]; *Siglar v. Hightower*, 112 F.3d 191, 193-194 (5th Cir. 1997)[claim based on sore and bruised ear lasting for three days was de minimis, and thus, Plaintiff failed to raise valid Eight amendment claim for excessive use of force nor did he have requisite "physical injury" to support claim for emotional or mental suffering.].

As for Plaintiff's medical claim, the undersigned again finds no evidence sufficient to survive summary judgment. In order to proceed with a claim under § 1983 for denial of medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennen*, 511 U.S. 825, 837 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975); *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). Here, the evidence before this Court includes voluminous medical records showing that Plaintiff has received continuous and ongoing treatment for any medical complaints, and there is simply no evidence to show that the named Defendant, who is not even a medical officer, was deliberately indifferent to any serious medical need of the Plaintiff. *Levy v. State of Ill. Dept. of Corrections*, No. 96-4705, 1997 WL 112833



(N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"](quoting Farmer, 511 U.S. at 837). Plaintiff's own self serving opinion that he should have been provided more rapid or extensive medical care than he received is not sufficient to survive summary judgment, particularly in light of the evidence before this Court reflecting that Plaintiff received little if any real injury as a result of this incident. See Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim].

Plaintiff may, of course, pursue a claim in state court if he believes the medical care he received was inadequate. That is not, however, the standard here, which is a higher standard of deliberate indifference. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)["Deliberate indifference is a very high standard - a showing of mere negligence will not meet it."]; A.P. ex rel. Bazerman v. Feaver, No. 04-15645, 2008 WL 3870697 at *12 (11th Cir. Aug. 21, 2008)["[D]eliberate indifference requires a much higher standard of fault than mere or even gross negligence . . . ."]. Since the evidence before the Court is insufficient to raise a genuine issue of fact as to whether the named Defendant was deliberately indifferent to Plaintiff's serious medical needs, Plaintiff's federal § 1983 medical claim is subject to dismissal. See DeShaney v. Winnebago County Dep't of Social Servs.,



489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motions for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies. In the alternative, in the event the Court determines there is an issue of fact as to whether Plaintiff took sufficient steps to attempt to exhaust his administrative remedies prior to filing this lawsuit, then in that event it is recommended that the case be **dismissed**, with prejudice, for the reasons stated in Section II of this report and recommendation.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 27, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



12