IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Vernon Samuel Brown a/k/a Vernon S. Brown, | ) ) ) | C/A: 9:08-2225-GRA-BM |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| Detention Officer Antonio Quattlebaum, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on February 27, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.). The Defendant filed a motion for summary judgement pursuant to Rule 56, FED. R. CIV. P. on October 29, 2008. As the Plaintiff is proceeding *pro se*, a *Roseboro* order was entered by the Court on October 30, 2008. The plaintiff subsequently responded, both on December 11, 2008, and on December 29, 2008. The magistrate now recommends dismissing the case without prejudice for failure to exhaust administrative remedies.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The objections offered by the plaintiff fail to meet this standard.  Instead of identifying specific portions of the Report and Recommendation to which he seeks to object, the defendant makes broad, conclusory statements generally discussing an incidence surrounding his case.  Additionally, even assuming these broad assertions to be true, it does not appear that the plaintiff has exhausted his administrative remedies.   Accordingly, the defendant's objections insufficient and without merit.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Additionally, this Court finds that the plaintiff has not exhausted his administrative remedies in this matter.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

WHEREFORE, this defendant's Motion for Summary Judgement is hereby GRANTED, and this case is DISMISSED without Prejudice.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 13, 2009

## NOTICE OF RIGHT TO APPEAL

    Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.